FILED
FEB 05 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT T. ANDERSON,

    Plaintiff,

v.

KEY BANK OF OREGON,

    Defendant.

CV. 09-115-PK

OPINION AND ORDER

Brown, Judge:

    Plaintiff Robert Anderson, appearing pro se, filed this action against Key Bank of Oregon. Anderson's motion to proceed *in forma pauperis* (#1) is presently before the court. An examination of the application reveals that it is incomplete. Accordingly, I deny Anderson's motion to proceed *in forma pauperis* with leave to refile. In addition, for the reasons set forth below, Anderson's complaint (#2) is dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Page 1 - OPINION AND ORDER

## BACKGROUND

On January 28, 2009, Anderson filed a complaint and *in forma pauperis* application. Anderson's application is incomplete in that he only completed the first two questions. Additionally, Anderson did not sign his application. Anderson's complaint consists entirely of the word "Nonpayment."

## LEGAL STANDARDS

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A court must *sua sponte* dismiss an *in forma pauperis* action that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A court should dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (footnote omitted).

In cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That is, courts hold *pro se* pleadings to a less

Page 2 - OPINION AND ORDER

stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623-624.

## DISCUSSION

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $ 75,000 in controversy between citizens of different states, 28 U.S.C. § 1332. The court has a continuing duty to dismiss an action whenever it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Billingsley v. Comm'r of the I.R.S.*, 868 F.2d 1081, 1085 (9th Cir. 1989).

In addition to the subject matter jurisdiction requirement, Federal Civil Procedure Rule 8 provides that: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.

This court does not have subject matter jurisdiction based on the facts alleged in the

Page 3 - OPINION AND ORDER

complaint. The complaint contains no cause of action arising under, or that contains any reference to, any federal statute or the U.S. Constitution. The complaint does not indicate Anderson's or the defendant's state citizenship, nor does it allege that the amount in controversy requirement has been met.

Apart from the lack of subject matter jurisdiction, Anderson's complaint fails to state a claim on which relief may be granted. The complaint lacks even a minimal statement suggesting that Anderson could be entitled to relief from the named defendant. The complaint also does not set forth the relief Anderson seeks.

As noted above, wherever possible, a court should grant a *pro se* plaintiff leave to amend his or her complaint to cure its deficiencies. Here, Anderson's complaint is deficient in each of the following particulars: 1) the complaint fails to contain a short and plain statement of the basis for federal subject matter jurisdiction; 2) the complaint fails to contain a short and plain statement of the facts underlying Anderson's allegation of nonpayment; 3) the complaint fails to contain a demand for judgment stating plainly each element of the relief Anderson seeks, including, if applicable, a description of the monetary damages to which Anderson believes he is entitled.

In the event Anderson elects to pursue this action, he must submit a completed, signed, *in forma pauperis* application and must amend his complaint to cure each of the above-noted deficiencies. As currently drafted, Anderson's complaint does not state a basis for this court's jurisdiction, nor does it state a claim upon which relief may be granted, and the defendant should not be required to expend time and other resources responding to it.

## CONCLUSION

For all of the foregoing reasons, plaintiff is directed to file an amended *in forma pauperis* application, within 30 days of the date of this order. Additionally, plaintiff must file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. In the event that plaintiff fails to file such an amended complaint, this case will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 4th day of February, 2009.

_____
Anna J. Brown
United States District Judge